

FILED

DEC 21 2005

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re                                   Case No. 05-11397-A-11K
                                        DC No. LNB-3
LAS AMERICAS BROADBAND, INC.

        Debtor.
_____/

FINDINGS OF FACT AND CONCLUSIONS OF LAW
REGARDING APPLICATION FOR ALLOWANCE OF
INTERIM COMPENSATION BY
LEVENE, NEALE, BENDER, RANKIN & BRILL, L.L.P.

Levene, Neale, Bender, Rankin & Brill, L.L.P. (the "Firm") represents the Official Committee of Unsecured Creditors (the "Committee") in this chapter 11 case. A hearing on the application of the Firm for allowance of interim fees and costs was held October 26, 2005. Following the hearing, the court ordered supplemental briefing, and the matter was taken under submission as of November 17, 2005.

The chapter 11 trustee opposed the application on several grounds, including the argument that the billable rate of $425 per hour "grossly exceeds that of professionals of similar experience in the Bakersfield legal market."[1] The opposition was late. The opposition was due fourteen days before the hearing and was filed only one day before the hearing. At the hearing

---

[1]Opposition to First Application for Allowance of Interim Attorney's Fees filed October 25, 2005.

1 on October 26, 2005, the court overruled all opposition to the
2 application other than the opposition to the hourly rate. The
3 court found that counsel for the Committee had performed services
4 that benefitted creditors in the case.  Due to the efforts of the
5 Firm, the court ordered the appointment of a chapter 11 trustee.
6 Any argument that travel time was billed at the full hourly rate
7 instead of a one-half hourly rate is addressed by the order
8 allowing interim compensation for travel at only one-half the
9 hourly rate.
10      The legal issue on which the court requested additional
11 briefing is whether the court should allow compensation at an
12 hourly rate significantly higher than that of attorneys who do
13 chapter 11 work in the geographic area of the court.  As the Firm
14 pointed out, there does not appear to be controlling precedent
15 from the Ninth Circuit about whether attorneys from outside the
16 local area should be limited to local rates in a bankruptcy case.
17 However, the Third Circuit decision in Zolfo, Cooper & Co. v.
18 Sunbeam-Oster Co., Inc. is helpful.  50 F.3d 253 (3rd Cir. 1995).
19 The Third Circuit observed that "the baseline rule is for firms
20 to receive their customary rates."  Id. at 259.  The Third
21 Circuit also stated that the idea that a firm should be
22 restricted to the hourly rate typical in the locale of the case
23 is unduly parochial, particularly in this age of national and
24 regional law firms working on larger, more complex bankruptcy
25 cases of more than local import.  Id. at 260 (interior quotes and
26 citations omitted.)  According to the Third Circuit, the correct
27 approach is for the bankruptcy court to look first at a firm's
28 customary market and the rate in that market and then make any

reductions based on other factors.  Id.  In this case, the court is persuaded that allowing interim compensation to the Firm based on its regular customary rates is appropriate.  The debtor is a publicly held company with over 900 shareholders and over 300 creditors.  The primary asset is a lawsuit, and the assets also include intangible rights in cable television franchise and a publicly traded corporate shell.  The creditors are from not just the local Bakersfield area.

Further, the Firm performed the services in an expeditious and efficient manner.  The total amount of compensation requested as interim compensation for the five month period is not excessive.  This is especially true given the result obtained.

For the above reasons, the application for allowance of interim attorney's fees and costs will be approved.  The court observes that this approval is pursuant to 11 U.S.C. § 331.  As this is interim compensation, the overall amount is subject to adjustment and possible reduction at the time of a final fee application.  Further, the amount allowed is subject to the chapter 11 trustee's ability to pay it.

The Firm may submit an appropriate form of order consistent with these findings of fact and conclusions of law.

DATED: December 21, 2005.

WHITNEY RIMEL, Judge
United States Bankruptcy Court

PROOF OF SERVICE BY MAIL

STATE OF CALIFORNIA    )
                       ) ss.
COUNTY OF FRESNO       )

I am a citizen of the United States and a resident of the county aforesaid; I am over the age of eighteen years and not a party to the within above-entitled action; my business address is 2656 U.S. Courthouse, 1130 O Street, Fresno, California, 93721. On December 21, 2005, I served the within document on the interested parties in said action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States mail at Fresno, California, addressed as follows:

Leonard Welsh, Esq.
KLEIN, DeNATALE, GOLDNER, COOPER,
   ROSENLIEB & KIMBALL
4550 California Ave., Floor 2
P. O. Box 11172
Bakersfield, California 93389-1172

Nellwyn W. Voorhies, Esq.
LEVENE, NEALE, BENDER, RANKIN & BRILL
1801 Avenue of the Stars, Suite 1120
Los Angeles, California 90067

Hilton A. Ryder, Esq.
Stephen P. Drobny, Esq.
McCormick, Barstow, Sheppard, Wayte & Carruth
P. O. Box 28912
Fresno, California 93729-8912

Office of the United States Trustee
1110 U. S. Courthouse
1130 O Street
Fresno, California 93721

I certify (or declare), under penalty of perjury, that the foregoing is true and correct. Executed on December 21, 2005, at Fresno, California.

_____
Kathy Torres, PLS

4